## G. C. OWEN v. C. L. KING.

No. 6984. Decided January 5, 1938.
Rehearing overruled January 26, 1938.
(111 S. W., 2d Series, 695.)

*Underwood, Johnson, Dooley & Huff,* of Amarillo, for plaintiff in error.

On the question of whether Jenkins was the agent of his undisclosed principal Owen. Southern Surety Co. v. Adams, 34 S. W. (2d) 789; El Paso Land Imp. Co. v. Crawford, 292 S. W. 518; Donigan v. Polacek, 5 S. W. (2d) 792; Kempner v. Dillard, 100 Texas 505, 101 S. W. 437.

On the question of fraud and limitation. Littlefield v. Aiken, 265 Pac. 1054; 20 Tex. Jur. 68, 140; 17 R. C. L. 831.

*Monning & Akin,* of Amarillo, for defendant in error.

On proposition that action was barred by two years statute of limitation. Glenn v. Steele, 61 S. W. (2d) 810; Texas Rice Land Co. v. McFaddin, Wiess & Kyle Land Co., 265 S. W. 888; 28 Tex. Jur. 164.

On question of Owen's liability as an undisclosed principal. McDaniel v. Orr, 30 S. W. (2d) 489.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

G. C. Owen and C. L. King were formerly engaged in the implement business as partners at Keyes, Oklahoma, under the trade name of O. K. Implement Company. On February 17, 1931, King transferred his interest in the property belonging to the partnership to J. W. Jenkins, the total consideration being

$3,000.00, one-half of which was evidenced by two promissory notes executed by Jenkins and payable to King, each in the principal sum of $750.00, due on or before August 1, 1931, and January 1, 1932, respectively. On April 7, 1934, King instituted this suit upon these notes against Jenkins. He joined Owen as a party defendant in the suit asserting liability against him upon different theories, the only one important to the question for decision being the theory that he was the undisclosed principal of Jenkins in the purchase of the property. At the conclusion of the trial King dismissed his suit against Jenkins and issues were submitted to a jury touching the liability of Owen on the theory of undisclosed principal. Upon the verdict King was awarded judgment against Owen, not upon the notes executed by Jenkins, but for an amount equal to the principal of the notes with ten per cent. interest and ten per cent. attorney's fees. The Court of Civil Appeals affirmed the judgment of the trial court. 84 S. W. (2d) 743.

Of the many questions raised in the Court of Civil Appeals, only two are briefed in this Court. One of these relates to the manner and form of the submission of special issue No. 1(a). Six different written objections to the issue are brought forward. None of them appears to be well taken, but since the case is to be remanded on account of the error pointed out below and the record will probably be different upon another trial, we shall not set out these objections or further discuss them.

The controlling question presented is one of limitation as applied to an undisclosed principal. The suit against Owen is not upon the notes and the two years statute is applicable. As to this, there is no disagreement between the parties. The question was raised by a special exception to the alternative count in the petition upon which recovery was had and in which Owen was charged with liability on the ground that he was the undisclosed principal of Jenkins. The amended petition upon which the case was tried discloses on its face that the original petition was filed more than two years after the cause of action arose. Apparently in anticipation of the plea of limitation, King alleged facts designed to meet it and avoid the bar of the statute, and the exact question for decision is the sufficiency of these allegations to serve that purpose. To do so they must allege such wrongful conduct on the part of Owen as prima facie will estop him to invoke the statute. Of course, facts must be alleged which show that King was injured by Owen's wrongful conduct. We quote in full the relevant portions of the petition:

"If for any reason it should be held that said defendant Owen

is not liable on said notes, then, in the alternative, plaintiff alleges that on or about the month of December, 1930, the defendants, at the instigation of said Owen conspired together to purchase plaintiff's 1/2 interest in said property, in the name of J. W. Jenkins, but in fact for the benefit of said Owen, with the view of purchasing it much cheaper in the name of said Jenkins than said Owen could otherwise purchase it from plaintiff; that thereafter, on or about February 17th., 1931, such purchase was completed by the said Jenkins, acting at the request, for the benefit, and as the agent of said G. C. Owen, the plaintiff acting in said transaction by and through his duly authorized attorney in fact Benton King, such sale being made at the agreed price of $3,000.00, $1500.00 of which was paid in cash, less the balance due on a note for $1155.50 which plaintiff had given defendant Owen, which was cancelled, and the balance of $1500.00 was to be paid in two installments of $750.00 each, falling due on August 1st., 1931, and January 1st., 1932, respectively, such deferred payments to bear interest from February 17th., 1931, at the rate of 10% per annum, and the debtor was to pay all costs of collection including 10% on the principal and interest for attorney's fees if placed in the hands of an attorney for collection; that the connection of defendant Owen with said transaction was not disclosed, he being the undisclosed principal in such transaction, but, on the contrary, his connection with the transaction was carefully and purposely concealed by active artifices and positive, affirmative acts on the part of defendants, in that they falsely informed plaintiff's said attorney in fact that said Jenkins was in fact purchasing same for himself, and they had said Jenkins give said Owen a check to pay said $1155.50 note, which check was a bogus transaction and was not presented nor intended to be presented for payment, but was torn up by the said Owen, when they got out of the presence of plaintiff's said attorney in fact; they had said Jenkins give plaintiff's said attorney in fact a check on a Lubbock Bank, for the balance of the $1500.00 payment, after deducting the check given to Owen in pretended payment of said note, when said Jenkins did not have any money in such Bank but with the understanding, wholly unknown to plaintiff, that Owen was to furnish the money to cover the check, which he did after plaintiff's said attorney in fact had left, by check on the Amarillo National Bank, which defendant Jenkins took to Stratford on a special trip for that purpose, after plaintiff's said attorney in fact had left, and mailed to Lubbock for deposit to his account, in order to have the funds on hand to take care of his check to plaintiff when it should be presented; that due to said

concealment on the part of defendants plaintiff had no way of finding out and no avenue of discovery that defendant Owen was in fact the purchaser, as defendants themselves were the only two persons who knew of the real transaction and they concealed same from plaintiff, as aforesaid. That due to such concealment and lack of any means of discovery the true facts plaintiff did not know and by the exercise of reasonable diligence could not and did not find out that the defendant Owen was the undisclosed principal in said transaction, who was in fact furnishing the money, buying the business, and who agreed to pay the deferred balance of $1500.00, with interest and attorney's fees, as aforesaid, until on or about the month of December, 1933, at which time he was pressing the said Jenkins for the payment of said notes, and the said Jenkins informed him of such facts, and plaintiff then, for the first time, learned that he had a cause of action against defendant Owen for the deferred balance of the agreed purchase price of said property; that the said Jenkins purchased the same for the said Owen at the instance and request of said Owen, on the terms authorized by said Owen, with the full knowledge and consent, and at the instigation and in the presence of said Owen, who immediately took complete charge of said business, and for said Jenkins' services in purchasing same for him paid said Jenkins $125.00 and employed him to work in said business, not as a partner or as owning any interest in said business, but simply as an employee, and, after some delay in order to avoid any suspicion on plaintiff's part, said Jenkins thereafter gave said Owen a bill of sale to said property, in order to carry out the agreement, intention and design that said Jenkins was simply purchasing same in his own name for the sole benefit of said Owen, and the said Owen in all things accepted the benefits of the services of his said agent and thereby in all things ratified and confirmed the acts of said agent and is now estopped to deny the authority of his said agent to make such agreement. That by said false representations as to the identity of the real purchaser, which plaintiff believed and upon which he relied to his detriment, and by said affirmative acts of concealment, the defendant Owen perpetrated a fraud upon plaintiff, which plaintiff did not, in the exercise of due diligence, discover until on or about the month of December, 1933, as aforesaid, thereby damaging plaintiff as hereinafter set out."

Generally the question of tolling a statute of limitation arises in cases founded upon fraud, but the rule is not limited in its application to such cases. The fraudulent concealment of a cause of action by the defendant, even though that cause of

action may not have arisen in fraud, will avoid the bar of the statute of limitation, where the plaintiff, after exercising ordinary diligence, fails to discover the existence of a cause of action. But the concealment must be fraudulent. Mere failure to disclose a cause of action or mere concealment of a cause of action when the defendant owes no duty to disclose, is not fraudulent concealment. A defendant has the right to rely upon the statutes of limitation the same as upon any other statutes and will be denied that right only when his own fraudulent conduct has prevented the other party from discovering his rights. McFaddin, Wiess & Kyle Land Co. v. Texas Rice Land Co., 253 S. W. 916, affirmed (Com. App.) 265 S. W. 888.

■ With these rules in view we examine the pleading above copied to determine whether it alleges fraudulent concealment by Owen. The allegations with reference to the devices employed to conceal the fact that Jenkins was negotiating the purchase for the benefit of Owen do not go to the question of the concealment of any cause of action which King had against Owen for he had none until the sale was consummated. No legal fraud was involved in those transactions. Contracts made by an agent in his own name without disclosing that he has a principal in the transaction are not illegal; the undisclosed principal may sue thereon. In the instant case King was not injured because of the fact that Owen was Jenkins' undisclosed principal. He dealt with Jenkins and procured every right for which he contracted. Concealment of the fact of agency is not a legal wrong and to hold that such concealment would toll the statute of limitation would be to hold that the statute is not available to an undisclosed principal. Such a holding would open wide the gates for fraud and could be justified by no rule of law with which we are familiar. This question was before the Supreme Court of Utah in the case of Gibson v. Jensen, 48 Utah 244, 158 Pac. 426, and was disposed of in this language:

" * * * The law is well settled, where there is no fraudulent conduct on the part of the principal, the mere fact that he is unknown does not toll the statute. The general rule is that, if a cause of action is barred against the agent of an undisclosed principal, it is also barred against such principal unless there was fraudulent concealment of the principal. Mere concealment of the agency, if such be done, is not such fraud as will toll the statute. Ware v. Galveston City, etc., 111 U. S. 170, 4 Sup. Ct. 337, 28 L. Ed. 393; St. Paul Title & Trust Co. v. Stensgaard, 162 Calif. 178, 121 Pac. 731, 39 L. R. A. (N. S.) 741; 25 Cyc. 1221."

The cited case of Ware v. Galveston City, etc., is in point and supports the holding of the Utah court. The other authorities cited seem not to be directly in point.

The petition alleges no fraudulent act of concealment of the cause of action after it came into existence. There is an allegation that Jenkins thereafter made and executed a bill of sale to Owen in order to avoid any suspicion on King's part, but it is not alleged that King ever knew of such bill of sale or that he was misled thereby. On the contrary, in another portion of his pleading he alleges that the bill of sale was not filed for record. No allegations of such fraudulent concealment of the cause of action as will toll the statute of limitation are contained in this petition. The special exception should therefore have been sustained.

The judgments of the trial court and the Court of Civil Appeals are both reversed and the cause remanded.

Opinion adopted by the Supreme Court January 5, 1938.

Rehearing overruled January 26, 1938.