## THOMPSON v. BARNARD et al.

### No. 2181.

Court of Civil Appeals of Texas. Waco.

March 28, 1940.

Rehearing Denied July 11, 1940.

Bryan Blalock and W. R. Smith, Jr., both of Austin, for appellant.

I. M. Singer, Tarlton & Vaughan, and Chas. L. Hale, Jr., all of Corpus Christi, for appellees.

GALLAGHER, Chief Justice.

This suit was filed by J. B. Thompson and wife against Drs. Painter, Barnard and White, to recover damages for alleged negligence on the part of said defendants in performing a surgical operation on plaintiff's wife and in their treatment of her for a short time thereafter. Dr. Painter died shortly after the institution of the suit. His son, Guy Painter, duly qualified as administrator of his father's estate and was made a party defendant herein. Mrs. Thompson was omitted from plaintiff's petition on exception of defendants on the ground that the cause of action asserted therein being for the benefit of the community estate of plaintiffs, she was neither a necessary nor proper party thereto.

Plaintiffs' original petition was filed December 6, 1935, and their first and second

amended petitions were filed April 30, 1937, and April 27, 1938, respectively. All these petitions were superseded by plaintiff Thompson's third amended petition, which was filed August 26, 1938. Plaintiff alleged, in substance, in said last mentioned petition that on January 6, 1930, he employed said Drs. Painter, Barnard and White to perform an operation on his wife; that they accepted such employment and did perform an operation on her on said day and date; that during such operation, and while his said wife was unconscious as the result of the administration of an anaesthetic by them, they placed two large gauze packs or sponges in her abdominal cavity; that said pieces of gauze packing or sponges were not then nor thereafter removed from her body by said doctors, or either of them. Plaintiff further alleged in that connection that defendants discharged and dismissed his said wife from the hospital where such operation was performed and permitted her to depart therefrom within fifteen days thereafter while she was still running temperatures, without informing her or plaintiff of the presence of said gauze in her body and without giving any instruction as to her further treatment.

Plaintiff alleged, as he had in substance in said preceding petitions, that said doctors were negligent in leaving said pieces of gauze or sponge in the body of his said wife when the incision was closed; in not removing them before the same was closed, and in closing the same without such removal. Plaintiff further alleged in that connection for the first time that said doctors, during said operation and at all times thereafter, knowing of the presence of said gauze in the body of his said wife, fraudulently concealed from him and from her the presence thereof in her body as aforesaid and the necessity for removing the same.

Plaintiff alleged that his said wife had endured more or less continuous physical pain and suffering as a result of said alleged negligence from the date of the original operation until June 27, 1935, at which time she was compelled to undergo a second operation by another surgeon; that during such operation such surgeon discovered said pieces of gauze packing or gauze sponges in her intestines and removed the same. Appellant alleged in that connection that neither he nor his wife knew or could have known of the presence of said packing or sponges in her body until after said second operation.

Appellant alleged various items of damages which he claimed to have sustained as the result of the negligence of said doctors as aforesaid, and sought recovery therefor.

Each of the three defendants filed separate answers. Each of them, in his third amended answer, excepted to plaintiff's third amended petition on the ground that it appeared therefrom that plaintiff's cause of action therein asserted accrued more than two years before the commencement of this suit; and on the further ground that it appeared therefrom that plaintiff's cause of action, so far as the same was based on fraud of the defendants, or either of them, as stated therein, accrued more than two years prior to the first filing of any allegations attempting to base a cause of action on such ground, and that therefore such cause or causes of action were barred by the two year statute of limitation. The court sustained each of the exceptions recited and dismissed the suit. No ruling on the various other exceptions contained in said answers was made:

■ Appellant assails the action of the court in sustaining said exceptions, on the ground that the two year statute of limitation can not be regarded as running against him in this case until such time as he could be reasonably charged with knowledge of the fact that the gauze sponges had been overlooked and left in his wife's abdomen; that failure on the part of said doctors to inform him or his said wife of the presence of the same in her body tolled the statute of limitation, and that the charge of fraudulent concealment, contained for the first time in his third amended petition, did not constitute a new and independent cause of action. While there are decisions to the contrary, the apparent weight of authority is that a surgeon's failure to remove a sponge before closing the incision is negligence as a matter of law. 48 C.J., p. 1131, sec. 123; 21 R.C.L., p. 388; Moore v. Ivey, Tex.Civ.App., 264 S.W. 283, reversed on other grounds, Tex.Com.App., 277 S.W. 106; McCormick v. Jones, 152 Wash. 508, 278 P. 181, 65 A.L.R. 1019, par. 1.

■ There is no special statute in Texas providing for the time in which actions for malpractice must be brought. We conclude, therefore, that the provisions of Article 5526, § 6, which declare that actions for injury done to the person of another shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not thereafter, are

applicable in this case. As a general rule, the statute of limitation commences to run upon a cause of action for tort from the time the duty owing to plaintiff is breached by the wrongful or negligent act of the defendant, even though in some cases the plaintiff is ignorant of the existence of his cause of action, or although damages were not sustained until after the commission of the tort. 28 Tex.Jur., p. 182, sec. 90. Under some authorities, the running of the statute in malpractice cases is postponed during the time the patient remains under the care and treatment of the physician. Schmit v. Esser, 183 Minn. 354, 236 N.W. 622, 74 A.L.R. p. 1312, par. 1. Generally speaking, in the absence of fraud, the plaintiff's ignorance or inability to learn of his cause of action will not prevent the statute of limitation from running. An exception to this rule is sometimes applied where there has been a relation of trust and confidence between the parties. 28 Tex.Jur., p. 144,-sec. 61; Baker v. Cook, Tex.Com.App., 15 S.W.2d 600, par. 2; Moore v. Waco Building Ass'n, 19 Tex. 68, 45 S.W. 974, 977, writ refused. It has been held that the relation of physician and patient of itself begets confidence and reliance on the part of the patient. Schmucking v. Mayo, 183 Minn. 37, 235 N.W. 633. For application of such holding, see Bryson v. Aven, 32 Ga.App. 721, 124 S.E. 553. If the respective doctors knew at the time and continuously after the incision was closed that gauze sponges had been negligently permitted to remain in the patient's abdomen, and continued to treat her for fifteen days thereafter and then discharged her as sufficiently recovered from the operation to return to her home without disclosing such situation and without suggestion or advice as to further treatment, it would seem that such facts were pertinent in determining whether a fraudulent concealment had begun. 37 C. J., p. 975, and authorities cited in Note 41. See, also, 74 A.L.R., p. 1320, Note b. 'The fraudulent concealment of a cause of action by a defendant, even though that cause of action may not have arisen in fraud, will prevent the bar of limitation where plaintiff, after exercising ordinary diligence, fails to discover the existence of a cause of action. Owen v. King, 130 Tex. 614, 111 S.W.2d 695, par. 3, 114 A.L.R. 859; Steele v. Glenn, Tex.Civ.App., 57 S. W.2d 908; Id., Tex.Sup., 61 S.W.2d 810, par. 2. Fraudulent concealment of a cause of action is not, however, a new and separate cause of action in itself. It merely estops the guilty party from asserting or relying upon the defense of limitation until his fraud was, or could by the exercise of ordinary diligence, have been discovered by the plaintiff. Steele v. Glenn, supra. If such situation existed in this case, plaintiff's cause of action may have appeared to be barred at the time he filed this suit, but it was not in fact barred if defendants were estopped to rely on the defense of limitation on the grounds alleged in plaintiff's third amended petition. Whether it was barred-in fact will depend on the testimony which may be presented at a trial.

The cause of action for negligence asserted in plaintiff's original petition arose after the enactment of Article 5539b, Vernon's Ann.Civ.St. It is stated in that connection, in 28 Tex.Jur., p. 213, sec. 117, that the purpose of such enactment was to change the established rule which barred a recovery or defense upon additional grounds which were not pleaded, although they previously existed, until after the bar was complete. Thompson v. Van Howeling, Tex.Civ.App., 49 S.W.2d 961; Goodwin v. Hidalgo County Water Control & Imp. Dist., Tex.Civ.App., 58 S.W.2d 1092, par. 11. Apparently plaintiff intended and attempted in the several petitions filed by him prior to his third amended petition here under consideration, to allege concealment by said doctors of the negligent leaving of the gauze in his wife's abdomen and of the closing of the incision without removing the same. Even if such allegations were subject to a general demurrer, they afforded, under the provisions of the article of the statute above cited, a basis for an amendment not subject to such demurrer and which would relate back to the filing of the original petition. 28 Tex. Jur., p. 217, sec. 120; Texas Employers Ins. Ass'n v. Humble Oil & Refining Co., Tex.Civ.App., 103 S.W.2d 818, par. 5, writ refused; Eureka Security Fire & Marine Ins. Co. v. De Ross, Tex.Civ.App., 62 S.W. 2d 226, par. 1; 28 Tex.Jur., p. 190, sec. 97. See, also, 2 Tex.Jur.Supp., pp. 1832, 1833, sec. 97; Tex.Jur.Supp. (1939) p. 705, sec. 126.

Considering the allegations of plaintiff's original petition as a whole and the situation presented thereby, we are not prepared to say as a matter of law that plaintiff's cause of action was barred by the two year statute of limitation at the time he filed such petition herein, nor that such allega-

tions were insufficient to constitute a basis for the additional allegations contained in his third amended petition nor to prevent such additional allegations from relating back to the time of the filing of his original petition.

The judgment of the trial court is reversed and the cause remanded.