DR. W. C. BARNARD ET AL V. J. B. THOMPSON.

No. 7793. Decided January 7, 1942.
Rehearing overruled February 11, 1942.
(158 S. W., 2d Series, 486.)

278

*R. D. Tarlton, Chas. L. Hale, Jr., Tarlton & Vaughn,* and *I. M. Singer,* all of Corpus Christi, for plaintiffs in error.

On the running of the statute of limitation, Houston Water Works Co. v. Kennedy, 70 Texas 233, 8 S. W. 36; Bremond v. McLean, 45 Texas 10; Owen v. King, 130 Texas 614, 111 S. W. (2d) 695.

*Bryan Blalock* and *W. R. Smith, Jr.,* both of Austin, for defendant in error.

Failure on the part of the physicians to inform plaintiff and his wife of the presence of the gauze in the body of the patient tolled the statute of limitation. Wabash County v. Person, 120 Ind. 426, 22 N. E. 134; Byers v. Bacon, 250 Pa. 564, 95 Atl. 711; Texas Pac. Coal & Oil Co. v. Smith, 130 S. W. (2d) 425.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is a suit by J. B. Thompson against Dr. W. C. Barnard and two other physicians, constituting a partnership. The suit

was commenced December 6, 1935, and its object is the recovery of damages resulting from the negligence of the defendants which occurred in connection with a surgical operation performed by them on Lelia Thompson, the wife of the plaintiff. The operation was performed on January 6, 1930. In proper performance of the operation, the surgeon made an incision in Mrs. Thompson's abdomen and inserted a number of gauze sponges in the abdomen. The surgeon negligently failed to remove two of the gauze sponges from the abdomen and they remained there after the operation was concluded and the incision closed. The fact that the gauze had been left inside her body was not discovered by Mrs. Thompson until June 27, 1935, six months before this suit was commenced. The discovery occurred when a second operation was performed by a different surgeon. All these facts appear in the plaintiff's petition. The defendants, by special exception, invoked the statute of two years limitation, (Article 5526). The trial court sustained the special exception and dismissed the suit. The Court of Civil Appeals reversed the judgment of the trial court and remanded the cause. 142 S. W. (2d) 238.

The action of the Court of Civil Appeals is correct, for the reason that the plaintiff's petition contains a paragraph which reads as follows:

"Plaintiff alleges that during said operation and at any and all times after said operation the defendants herein, well knowing of the presence of said gauze in the body of plaintiff's said wife, fraudulently concealed from plaintiff and plaintiff's said wife the presence of said gauze sponges which they had placed in the body of the said Lelia Thompson, and fraudulently concealed from them the necessity of removing the same."

The defendant made no complaint in the trial court, by special exception or otherwise, of any defect of form in respect to this paragraph. It is sufficient as a pleading to tender the issue of fraudulent concealment by the defendants of the plaintiff's cause of action from the time it arose until the gauze sponge was discovered in Mrs. Thompson's body on July 27, 1935. Owen v. King, 130 Texas 614, 111 S. W. (2d) 695.

The judgment of the Court of Civil Appeals reversing the trial court's judgment and remanding the cause is affirmed.

Opinion adopted by the Supreme Court January 7, 1942.