Sera **LINKE**, Appellant,

v.

**A. R. SORENSON** and **R.** Sorenson, Appellees.

No. 16271.

United States Court of Appeals
Eighth Circuit.

April 7, 1960.

Rehearing Denied May 3, 1960.

Sera Linke, pro se.

Bruce M. Van Sickle, Minot, N. D., for appellees.

Before SANBORN, WOODROUGH, and MATTHES, Circuit Judges.

MATTHES, Circuit Judge.

This appeal is focused upon the propriety of the lower court's action in sustaining appellees' motion for judgment and in dismissing the second count of appellant's cause of action.

Sera Linke is a citizen of Turkey. She came to the United States as a displaced person on December 2, 1949, arrived in Minot, North Dakota, on December 5, 1949, and was a resident of that state when this action was commenced on September 26, 1957. Defendants are citizens of North Dakota. Because of diversity and the amount in controversy, jurisdiction is established. Title 28 U.S. C.A. § 1332. The acts complained of took place in North Dakota and the law of that state applies. We shall refer to the parties as they were designated in the trial court.

Plaintiff's complaint was in three counts. The first was premised on assault and battery alleged to have been committed on January 10, 1950, by defendants, who are physicians and surgeons, during the course of an operation performed on plaintiff for removal of her appendix, the specific complaint being that, without plaintiff's knowledge or consent, defendants removed her right ovary and severed and removed portions of her Fallopian tubes. In Count II plaintiff alleged, in effect, that the extent of the operation performed by defendants was wrongfully and fraudulently concealed from her by defendants until September 28, 1956. In the third count plaintiff alleged that defendants negligently diagnosed and treated any condition existing in her right ovary and Fallopian tubes and negligently cut and removed the same.

The jury found for defendants on the first (assault and battery) and third (malpractice) counts, but was unable to reach an agreement as to the second count (fraudulent concealment). Thereafter, defendants, who had filed timely motions for directed verdict and dismissal, filed their motion for judgment notwithstanding disagreement of the jury as to the second count. This motion

was granted and judgment of dismissal was entered, from which judgment the plaintiff has appealed to this Court.[1]

Although plaintiff was represented by counsel in the trial, she chose to brief and orally argue the case in this Court pro se.

In entering judgment dismissing plaintiff's second cause of action, the court expressed the opinion that recovery thereon was barred by the prevailing and applicable North Dakota statutes of limitations.

Defendants contended that the causes of action alleged in the first (assault) and third (malpractice) counts of the complaint were barred by North Dakota's two-year statute of limitations, § 28–0118(1) and (3), N.D.R.C.1943;[2] that assuming that the causes of action as embraced in the first and third counts had been fraudulently concealed by the defendants, then § 28–0124, N.D.R.C. 1943[3] applied, and plaintiff was barred from recovering on either count because she had not commenced suit within one year after she discovered that her ovary and tubes had been removed.

A realistic view of the facts and circumstances compels the conclusion that plaintiff's right, if any, sprang from the unauthorized removal of certain of her organs, or from the alleged malpractice of defendants in the diagnosis and treatment of plaintiff's condition and the removal of her ovary and tubes. To sustain this right she was required, under § 28–0118, N.D.R.C.1943, supra, to commence a suit within two years from January 10, 1950, the time the cause of action accrued, unless the defendants, by fraud or fraudulent concealment, prevented plaintiff from obtaining knowl-

edge of the existence of her cause of action, in which contingency, the two-year statute was tolled until she discovered, or in the exercise of diligence, might have discovered the facts giving rise to the cause of action. After such discovery she had an additional year in which to commence her action. § 28–0124, N.D.R.C.1943. In this respect, the North Dakota statute is quite liberal—there is no limitation as to time for *discovery* of the cause of action.

Apart from the plain and unambiguous terms of the North Dakota statute, the general rule is that "when a party against whom a cause of action exists in favor of another," prevents such other, by fraud or concealment, "from obtaining knowledge thereof, the statute of limitations will commence to run only from the time the cause of action is discovered or might have been discovered by the exercise of diligence." 54 C.J.S. Limitations of Actions § 206, p. 219; 34 Am.Jur., Limitation of Actions, § 231, p. 188; and see, as to malpractice actions, Annotation 144 A.L.R. 209, 215 et seq.; 41 Am.Jur., Physicians and Surgeons, § 123.

This doctrine has been widely accepted —in some states by specific statute, see Breedlove v. Aiken, 85 Ga.App. 719, 70 S.E.2d 85; Tabor v. Clifton, 63 Ga.App. 768, 12 S.E.2d 137; De Haan v. Winter, 258 Mich. 293, 241 N.W. 923—in other states by statutory construction, see Adams v. Ison, Ky., 249 S.W.2d 791—while other states have found fraudulent concealment to be an "implied exception" to the statute of limitations, or have invoked the doctrine of equitable estoppel when the defense of limitation was raised. See Hinkle v. Hargens, 76 S.D. 520,

---

1. We are not concerned with the judgment dismissing Counts I and III since plaintiff has not challenged the Court's action with respect thereto.

2. This statute provides that actions for "assault" and for recovery of damages resulting from malpractice must be commenced within two years after the cause of action has accrued.

3. § 28–0124 provides that "(w)hen, by fraud or fraudulent concealment, a party against whom a cause of action exists prevents the person in whose favor such cause of action exists from obtaining knowledge thereof, the latter may commence an action within one year from the time the cause of action is discovered by him or might have been discovered by him in the exercise of diligence."

81 N.W.2d 888, 890, 891; Thompson v. Barnard, Tex.Civ.App., 142 S.W.2d 238, affirmed Barnard v. Thompson, 138 Tex. 277, 158 S.W.2d 486; Guy v. Schuldt, 236 Ind. 101, 138 N.E.2d 891, 896; Schmucking v. Mayo, 183 Minn. 37, 235 N.W. 633; Lakeman v. La France, N.H., 156 A.2d 123, 126.

As to the time of plaintiff's discovery in this case, it appears that on June 25, 1956, another operation was performed upon plaintiff at Mayo Clinic, and within a few days thereafter, plaintiff was informed that her tubes and right ovary previously had been removed. If plaintiff was unaware prior to that time of the extent of the operation performed by defendants, she acquired actual knowledge thereof in June, 1956, and the jury so found in response to an interrogatory.[4] It was at that time that the one-year statute of limitations, § 28–0124, was set in motion, and plaintiff was required to institute her action for damages resulting from the assault and malpractice within one year from that date. This she failed to do, and it seems clear to us that, upon this ground alone, she was barred from recovering under the first and third counts of her petition.

It should now be observed that throughout the trial, plaintiff insisted that defendants were guilty of *fraudulent conduct* in concealing from her the fact that certain organs had been removed from her body by defendants during the course of the operation; that this fraud constituted a tort and gave rise to a cause of action separate and apart from plaintiff's other claims which sprang from the assault and malpractice.[5]

The weight of authority teaches that fraudulent concealment of a cause of action, under the facts here present,

does not create a new or independent right of recovery. Thus, in Hinkle v. Hargens, a South Dakota case, 76 S.D. 520, 81 N.W.2d 888, the court considered a closely analogous factual situation. There, the claim was that the defendant surgeon left a portion of a surgical needle embedded in plaintiff's back following an operation performed in 1932; that the needle was not discovered and removed until May, 1953. The Supreme Court of South Dakota, while sustaining plaintiff's contention that the complaint alleged an exception to the statute of limitations under the doctrine of fraudulent concealment, unequivocally ruled that the fraudulent concealment did not create a new or separate cause of action. 81 N.W.2d at page 890. The Court of Civil Appeals of Texas, in Thompson v. Barnard, 142 S.W.2d 238, affirmed, Barnard v. Thompson, 138 Tex. 277, 158 S.W.2d 486, states the rule in this language, at p. 241:

"The fraudulent concealment of a cause of action by a defendant, even though that cause of action may not have arisen in fraud, will prevent the bar of limitation where plaintiff, after exercising ordinary diligence, fails to discover the existence of a cause of action. Owen v. King, 130 Tex. 614, 111 S.W.2d 695, par. 3, 114 A.L.R. 859; Steele v. Glenn, Tex.Civ.App., 57 S.W.2d 908; Id., 141 Tex. 565, 61 S.W.2d 810, par. 2. *Fraudulent concealment of a cause of action is not, however, a new and separate cause of action in itself. It merely estops the guilty party from asserting or relying upon the defense of limitation until his fraud was, or could by the exercise of ordinary diligence, have been discovered by the plaintiff.*

4. Pursuant to Rule 49(b), Federal Rules of Civil Procedure, 28 U.S.C.A., the Court submitted to the jury written interrogatories, and in response to interrogatory 4, the jury found that plaintiff might have first discovered on January 23, 1950, that her ovary and tubes had been removed by defendants and that she

actually discovered this in June, 1956. There was substantial evidence to support this finding of fact.

5. See discussion, 23 Am.Jur., Fraud and Deceit, § 99, and compare cases cited, 23 Am.Jur., Fraud and Deceit, § 75; Annotation 58 A.L.R.2d 500.

Steele v. Glenn, supra." (Emphasis supplied.)

The trial court did not explicitly rule upon plaintiff's contention, for it held that under any theory, plaintiff could not recover, by reason of the statute of limitations.

 Assuming that plaintiff is correct, that is, that the claim for relief as encompassed in the second count of the complaint is one for fraud, then § 28-0116(6), N.D.R.C.1943, governs, and she was required to institute the suit to recover for the damages resulting from fraud within six years after the cause of action accrued.

■ This section provides that a cause of action, in law or equity, for relief on the ground of fraud shall not be deemed to have accrued until *discovery* by the aggrieved party of the facts constituting the fraud. The word "discovery" as used in § 28-0116(6) has been construed by the Supreme Court of North Dakota to mean "notice of facts."

In Roether v. National Union Fire Ins. Co., 51 N.D. 634, 200 N.W. 818, 821, that Court stated:

> "The word 'discovery,' as used in this statute, [predecessor of § 28-0116] is not convertible with 'knowledge.' If there was notice of facts, or if there was information that put plaintiff on inquiry that would have led to knowledge, there was a 'discovery' within the meaning of the statute, and the plaintiff must be charged with knowledge or notice of everything to which such inquiry might have led. (Citing cases.)"

This principle was reiterated by the same Court in Barnes v. Cass County, 59 N.D. 135, 228 N.W. 839, 846, 847, and is recognized in many jurisdictions.

■ The trial court demonstrated that, inasmuch as the jury found, by special interrogatory, that plaintiff, by the exercise of diligence "might" have discovered the extent of the operation on January 23, 1950,[6] the second cause of action could not be maintained since it was not commenced until September 26, 1957, more than six years after knowledge must be imputed to her.

■■ We are satisfied that Count II of plaintiff's complaint did not allege a separate and independent tort, giving rise to a cause of action within the limitations of § 28-0116. However, in any event, the District Court reached a permissible conclusion upon a question of North Dakota law. Homolla v. Gluck, 8 Cir., 248 F.2d 731, 733-735. The judgment is

Affirmed.