**Geneva NICHOLS et vir, Petitioners,**

**v.**

**Dr. Jack C. SMITH, Respondent.**

**No. B–3887.**

Supreme Court of Texas.

Feb. 27, 1974.

Rehearing Denied March 27, 1974.

Vecchio & Vecchio, James S. Vecchio, Arlington, for petitioners.

Cantey, Hanger, Gooch, Cravens & Munn, William B. David and Richard L. Griffith, Fort Worth, for respondent.

WALKER, Justice.

The opinion delivered in this case on October 31, 1973, is withdrawn, and the following is substituted therefor:

This is a medical malpractice case. Mrs. Geneva Nichols, joined by her husband, petitioners, sued Dr. Jack C. Smith, respondent, for injuries she allegedly sustained

during an operation performed by Dr. Smith on June 27, 1966. Petitioners' original petition was filed on August 5, 1970, and the trial court granted respondent's motion for summary judgment on the ground that the suit was barred by the two-year statute of limitations. Article 5526, Vernon's Ann.Tex.Civ.St. The Court of Civil Appeals affirmed. 489 S.W.2d 719. We affirm.

Petitioners' allegations in the trial court may be summarized as follows: On June 20, 1966, Geneva Nichols was hospitalized by Dr. Robert Wayne Moore, a general practitioner, whose diagnosis was that she was suffering from a hiatus hernia, a duodenal ulcer, and possibly other difficulties. A hiatus hernia is a herniation of the stomach through the esophageal opening in the diaphragm separating the chest and abdominal cavities. Dr. Moore consulted with respondent, who concurred in the diagnosis of hiatal hernia and recommended that the condition be surgically repaired. On June 27, 1966, respondent operated with the assistance of Dr. Moore and purported to repair the hernia. In the course of the operation, respondent severed both branches of the vagus nerve, which controls the secretion of acids in the stomach. The surgical severance of both branches of the vagus nerve is called a complete vagotomy. When a complete vagotomy is performed, the digestive processes are materially affected and it is necessary to enlarge the valve at the end of the stomach to provide more adequate drainage. This latter procedure, called a pyloroplasty, was not performed on Mrs. Nichols. She has suffered from disorders of her digestive system ever since the operation and eventually had corrective surgery which did not fully alleviate her problems. It is necessary that she take drugs to supplement her digestive processes, and she constantly suffers from diarrhea, constipation, and nausea. At no time was she advised that there was even the possibility that her vagus nerve might be cut, and at no time did she consent to the severing of same.

Petitioners further alleged that "the defendant and Dr. Moore fraudulently concealed from plaintiff and her husband the fact that they had performed a vagotomy upon her and, when they finally advised her that a vagotomy had been performed, they advised her further that it would regenerate itself and would cure itself. It was not until approximately 1969 that plaintiff for the first time learned what had been done to her and its effects . . . . Because of the fraud of the defendant in concealing from Geneva Nichols what he had done and because of her inability to discover what had occurred until a time within two years prior to the filing of this suit, the suit is not barred by the two year statute of limitation."

When the defendant is under a duty to make a disclosure but fraudulently conceals the existence of a cause of action from the one to whom it belongs, the guilty party will be estopped from relying on the defense of limitations until the right of action is, or in the exercise of reasonable diligence should be, discovered. Barnard v. Thompson, 138 Tex. 277, 158 S.W.2d 486; Owen v. King, 130 Tex. 614, 111 S.W.2d 695; 51 Am.Jur.2d, Limitation of Actions, § 147. The summary judgment proofs in the present case consist of the deposition and affidavit of Geneva Nichols and the depositions of respondent and Dr. Moore. Both doctors testified that the right vagus nerve was severed during the operation because the hernia could not be properly repaired without doing so. They also testified that following the operation they told Mrs. Nichols that her right vagus nerve had been severed, and Mrs. Nichols admitted that she was so advised by respondent on September 10, 1966. If she ever had a cause of action for the cutting of her right vagus nerve, therefore, it is clearly barred by limitation.

As previously indicated, petitioners alleged that respondent severed both branches of the vagus nerve, and that this fact was fraudulently concealed from them by respondent and Dr. Moore.

The Court of Civil Appeals concluded that the burden was on petitioners to offer proof raising a fact issue of fraudulent concealment. They had not done so, and the summary judgment in respondent's favor was accordingly affirmed. Petitioners' application for writ of error was granted, because several members of the Court were of the view that under our holding in Torres v. Western Cas. Co. and Sur. Co., Tex.Sup., 457 S.W.2d 50, the burden was on respondent to negate the claim of fraudulent concealment. After further consideration, however, we agree with respondent that the case is governed by "Moore" Burger, Inc. v. Phillips Petroleum Co., Tex.Sup., 492 S. W.2d 934, and that the Court of Civil Appeals was correct in concluding that petitioners had the burden of supporting the allegations by which they sought to avoid the defense of limitations.

■ It was held in Gulf, C. & S. F. Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, that when the plaintiff moves for summary judgment in a case where the defendant has alleged an affirmative defense, the motion should be granted upon a showing by the plaintiff that there is no material issue of fact concerning the elements of his claim unless the defendant comes forward with summary judgment proof sufficient to raise at least an issue of fact with respect to his affirmative defense. In other words the pleading of an affirmative defense will not, in itself, defeat a motion for summary judgment by a plaintiff whose proof conclusively establishes his right to an instructed verdict if no proof were offered by his adversary in a conventional trial on the merits.

The plaintiff in *Torres* filed his claim for workmen's compensation one year and six months after the injury. He had pleadings of good cause for the delay but offered no summary judgment proof to support the allegations. The defendant's motion for summary judgment was granted by the trial court, and the Court of Civil Appeals affirmed. These judgments were reversed and the cause was remanded to the trial court, because the defendant had not discharged its burden of establishing conclusively that, on the plaintiff's case as pleaded, the defendant was entitled to prevail as a matter of law. In rejecting the defendant's contention that the case was governed by *McBride,* we said:

> There is one situation where the opponent of a summary judgment motion must come forward himself to raise a fact issue by proof rather than allegation, the movant having presented no proof on the issue, and that is to support the non-movant's own affirmative defense. Gulf, Colorado & Santa Fe Ry. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958). Affirmative defenses are well recognized under our rules. It would unduly confuse summary judgment practice to reshape our previous holdings so as to shift the burden of presenting proof to levels of avoidance of an opponent's proof.

This statement must be read in the light of our subsequent opinion and holding in *"Moore" Burger.* The nonmovant plaintiff there was relying on promissory estoppel to avoid defendants' affirmative defense of the statute of frauds, which was established as a matter of law. It was held that the plaintiff, if it wished to prevent the granting of a summary judgment against it, had the burden of coming forward with proofs raising an issue of fact with respect to promissory estoppel. The Court reasoned:

> Promissory estoppel is a defensive plea; it is a plea in confession and avoidance. We so held in Wheeler v. White, 398 S.W.2d 93, 96 (Tex.1965), . . . The plea is being used in this case in an effort to avoid the statute of frauds defense which is established as a matter of law. A defendant who seeks a summary judgment on the theory that the plaintiff's suit is without merit has the burden of establishing as a matter of law that there is no genuine issue of fact as to at least one essential element of the

plaintiff's cause of action. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.1970). This, however, is not that type of case; here, the summary judgment evidence establishes the affirmative defense as a matter of law. In this situation we hold that the *Gibbs* rule did not impose the burden on the defendants to negative "Moore" Burger's defensive plea; rather, the burden was on "Moore" Burger, if it wished to avoid the granting of summary judgment against it, to adduce evidence raising a fact issue concerning its promissory estoppel defense. *Cf.* Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958).

■ The present case is quite similar to *"Moore" Burger*. Subject to a question as to the applicability of the discovery rule, which is discussed below, the defense of the statute of limitations is established by the record as a matter of law, and petitioners are relying on fraudulent concealment to avoid that defense. It was their burden, therefore, to come forward with proof raising an issue of fact with respect to fraudulent concealment. Since they failed to do so, the allegations of fraudulent concealment do not defeat respondent's right to a summary judgment.

The holding in *Torres* is sound and will not be disturbed. Although Article 8307, § 4a, V.A.T.S., authorizes the Board "for good cause" to waive strict compliance with the statutory requirement that a claim for compensation be made within six months after the injury, "good cause" in the trial of a workmen's compensation case in the district court is not a plea in confession and avoidance of an affirmative defense. Proof of good cause is simply an alternative method of establishing performance of a condition precedent to the insurance carrier's liability. It is for this reason that the carrier, if it wishes to obtain a summary judgment on the ground that the claim was not filed within six months, must negate with proof the plaintiff's allegations of good cause for the delay.

■ In so far as Mrs. Nichols bases her claim on the alleged severance of both branches of the vagus nerve, it could be argued that the case is governed by the discovery rule applied in Gaddis v. Smith, Tex. Sup., 417 S.W.2d 577, and Hays v. Hall, Tex.Sup., 488 S.W.2d 412. The judgment of the trial court cannot be reversed on that ground, however, because petitioners confined their points of error and argument in the Court of Civil Appeals to the contention that the allegations of fraudulent concealment precluded a summary judgment in respondent's favor. As pointed out by the Court of Civil Appeals in its opinion, petitioners indicated in their brief in the intermediate court that they did not expect or wish the discovery rule to be extended to this case. Our action in affirming the judgment of the trial court is not to be understood, therefore, as holding that the discovery rule has no application here.

Respondent's motion for rehearing is granted; the judgment rendered in this cause on October 31, 1973, is set aside, and the judgment of the Court of Civil Appeals is now affirmed.