**William A. SWINNEY, Appellant,**

**v.**

**SCHAEFER ROAD RURAL WATER SUPPLY CORPORATION, Appellee.**

**No. 15802.**

Court of Civil Appeals of Texas, San Antonio.

Nov. 16, 1977.

Rehearing Denied Dec. 14, 1977.

Lonnie E. Chunn, Chunn & Chunn, New Braunfels, for appellant.

William P. Dobbins, Dobbins & Harris, San Antonio, for appellee.

CADENA, Chief Justice.

Defendant, William A. Swinney, appeals from a summary judgment granting plaintiff, Schaefer Road Rural Water Supply Corporation, a permanent injunction and damages.

Plaintiff owns and operates a water supply system. Its bylaws provide:

1. The system shall be operated on a fully metered basis, with no more than one user per single meter.

2. Membership in the water supply corporation will be available at the rate of $100.00 per member, and each member shall be entitled to one connection to plaintiff's lines.

Defendant, who has paid the $100.00 membership fee, is the owner of 10 duplexes and 1 single-family residence within the area served by plaintiff. When defendant applied for water service, plaintiff insisted that defendant purchase a membership for each of the 21 separate dwelling units at a total cost of $2,100.00, and pay for a separate meter for each of the 21 dwelling units at a cost $100.00 per meter or the cost of installation, whichever might be higher. Defendant refused to pay such charges, contending that plaintiff's requirements are excessive, illegal, and arbitrary. Defendant purchased a membership for his single-family residence and paid for the installation of a meter to measure the water used at such residence. He then ran a water line from the single-family residence to each of the 10 duplexes. Plaintiff then filed this suit to enjoin defendant from using its water to service the duplexes without paying the membership fee for each separate dwelling unit (totalling $2,000.00, in addition to the membership fee for the single-family residence), and paying for the installation of a separate meter for each of the 20 dwelling units located in the 10 duplexes, in addition to the meter servicing the single-family residence. Plaintiff also sought to recover the difference in the cost of water used by defendant to service the 21 living units through one meter and the cost of serving such 21 units through a separate meter for each unit.

Plaintiff filed its motion for summary judgment supported by affidavits reciting the facts as outlined above. Defendant filed no affidavits in opposition.

Defendant here contends that there was a genuine issue of material fact on the question of whether plaintiff's charges are excessive, arbitrary, and discriminatory. Defendant also insists that the rules and regulations requiring separate memberships and meters for each of the 21 dwelling units are arbitrary and discriminatory.

Defendant's insistence that the charges are excessive, arbitrary, and discriminatory, and that the provisions of plaintiff's by-laws are discriminatory and arbitrary, do no more than present the affirmative defense of illegality. Rule 94, Tex.R.Civ.P. As to this affirmative defense, the burden was on defendant, as opponent of plaintiff's motion for summary judgment, to present "evidence" at least raising an issue of fact concerning the elements of such defense. In the absence of affidavits or other summary judgment evidence tending to support defendant's affirmative defense, the trial court properly granted plaintiff's motion for summary judgment. *Nichols v. Smith*, 507 S.W.2d 518 (Tex.1974); *Gulf, Colorado & Santa Fe Ry. Co. v. McBride*, 159 Tex. 442, 322 S.W.2d 492 (1959).

The judgment of the trial court is affirmed.