Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★        ★ ★ ★

## MEMORANDUM OPINION

No. 04-07-00339-CV

Rolando Rafael **SAENZ**,
Appellant

v.

Maria Graciela Saenz **MARTINEZ**, Individually and as Trustee
for the Rolando Rafael Trust, and Pedro I. Saenz Jr.,
Appellees

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2005-CVQ-000144-D4
Honorable O.J. Hale, Jr., Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:      Catherine Stone, Justice
               Karen Angelini, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:   November 5, 2008

AFFIRMED

Maria Graciela Saenz Martinez, Individually and as Trustee for the Rolando Rafael Trust,

and Pedro I. Saenz Jr. ("appellees") sought to enforce a mediated settlement agreement by filing

traditional and no evidence motions for summary judgment. The trial court granted the motions and

Rolando Rafael Saenz ("Saenz") appeals. We affirm the trial court's judgment.

## BACKGROUND

Pedro I. Saenz Sr. and Maria Del Refugio M. De Saenz created an irrevocable trust ("Trust") for the benefit of their son, Saenz. Saenz's sister, Maria Graciela Saenz Martinez ("Martinez") was named trustee. Approximately ten years later, Saenz filed suit against his brother, Pedro I. Saenz Jr., and Martinez, alleging mismanagement of the Trust. Saenz's daughters, Katherine Saenz and Amy Saenz-Smith ("Intervenors") filed a petition in intervention, alleging Saenz breached his fiduciary duty as trustee of another trust created for their benefit. The parties mediated and on April 11, 2006, signed a "Settlement Agreement and Release of All Claims."[1] However, at a scheduled status hearing on May 4, 2006, Saenz claimed he no longer agreed to the settlement.

The trial court granted appellees' motion to enter judgment based on the settlement agreement; however, the court later granted Saenz's motion for new trial. Appellees then filed an amended answer, including a counterclaim seeking enforcement of the settlement agreement. Appellees filed traditional and no evidence motions for summary judgment seeking to enforce the settlement agreement. Saenz responded, reasserting his defenses and affirmative defenses, excepting to the lack of specificity in the no evidence motion for summary judgment, and requesting a motion for continuance. The trial court granted the motions for summary judgment.

## ANALYSIS

### No Evidence Motion for Summary Judgment – Rule 166(a)(i)

In his first issue, Saenz argues the trial court erred in granting summary judgment because the no evidence motion for summary judgment filed by appellees was defective. While we agree the

---

[1] The settlement agreement was also signed by Saenz's wife, Letty Almaraz Saenz, as a "non-litigant." Counsel for Martinez and Saenz Jr. testified they had her sign the agreement to prevent any additional potential claims with regard to the matters.

no evidence motion for summary judgment was flawed, sustaining this issue does not entitle Saenz to relief.

Rule 166a(i) provides a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a defense on which an adverse party has the burden of proof, but the motion "must state the elements as to which there is no evidence." TEX. R. CIV. P. 166a(i). The comment to the rule, which is "intended to inform the construction and application of the rule," states the motion "must be specific in challenging the evidentiary support for an element of a . . . defense" and the rule "does not authorize conclusory motions or general no-evidence challenges to an opponent's case." TEX. R. CIV. P. 166a(i) cmt. If a no evidence motion is conclusory or does not specifically challenge a particular element of a defense, the motion is legally insufficient. *Callaghan Ranch, Ltd. v. Killam*, 53 S.W.3d 1, 3 (Tex. App.–San Antonio 2000, pet. denied).

Appellees' no evidence motion stated: "In the instant case [Saenz] . . . will not be able to produce any valid summary judgment evidence to support any defenses."[2] Appellees' motion fails to state the elements of Saenz's affirmative defenses as to which there is no evidence, rendering the motion legally insufficient to support a judgment. *See id.* at 3-4. However, this does not entitle Saenz to a reversal because appellees also filed a traditional motion for summary judgment. Appellees, as plaintiffs, were not required to conclusively disprove Saenz's affirmative defenses to prevail on their traditional motion. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). Rather, Saenz, as the party relying on affirmative defenses, was required to come forward with

---

[2] This was based on appellees' erroneous assertion that Saenz had not pleaded any affirmative defenses. Saenz's supplemental petition asserted several defenses, at least one affirmative defense, and incorporated the defenses and affirmative defenses pleaded in his motion for new trial.

summary judgment evidence sufficient to raise a fact issue on each element of at least one affirmative defense to avoid summary judgment. *See id.*; *see also Nichols v. Smith*, 507 S.W.2d 518, 520 (Tex. 1974) (quoting *Torres v. Western Cas. & Sur. Co.*, 457 S.W.2d 50, 53 (Tex. 1970) (holding "[t]here is one situation where the opponent of a summary judgment motion must come forward himself to raise a fact issue by proof rather than allegation, the movant having presented no proof on the issue, and that is to support the non-movant's own affirmative defense.")). The absence of a legally sufficient no evidence motion for summary judgment does not relieve Saenz of this burden because he bears this burden under the traditional motion for summary judgment.

### Alleged Exclusion of Saenz's Summary Judgment Evidence

Saenz contends in his second issue that the trial court erred in excluding his summary judgment evidence. Appellees made numerous objections to Saenz's summary judgment evidence, but the record does not contain any trial court rulings on those objections. Nor is there any indication in the record that the trial court failed to consider Saenz's summary judgment evidence or actually excluded any evidence. Given our mandate to conduct a *de novo* review and to take evidence favorable to nonmovant as true, we shall review appellees' summary judgment evidence to determine whether they established their right to summary judgment as a matter of law and if so, whether Saenz's summary judgment evidence is competent and raises a genuine issue of material fact to defeat summary judgment. *See Browning v. Prostock*, 165 S.W.3d 336, 344 (Tex. 2005); *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).

### Traditional Motion for Summary Judgment – Rule 166a(c)

In issues three through six, Saenz contends the trial court erred in granting appellees' traditional motion for summary judgment because (1) appellees' evidence was insufficient to prove

as a matter of law the existence of a settlement agreement and breach of same by Saenz, and (2) Saenz produced competent summary judgment evidence raising fact issues on numerous affirmative defenses.[3]

Courts review *de novo* traditional motions for summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A traditional motion for summary judgment is properly granted only when the movant establishes there are no genuine issues of material fact and it is entitled to judgment as a matter of law on the grounds expressly set forth in the motion. *Browning*, 165 S.W.3d at 344. When reviewing an order granting a traditional motion for summary judgment, courts take evidence favorable to nonmovant as true and indulge every reasonable inference from the evidence in favor of the nonmovant. *Grinnell*, 951 S.W.2d at 425. Mere suspicion or surmise is not a reasonable inference and will not qualify as summary judgment proof. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 198 n.1 (Tex. 1995).

Saenz first argues the trial court erred in granting appellees' traditional motion for summary judgment because appellees did not produce sufficient summary judgment evidence to establish as a matter of law the existence of a settlement agreement or that Saenz breached it. Saenz contends the only evidence produced by appellees in support of their motion was portions of Saenz's testimony from a hearing held before the motion for summary judgment was filed. Saenz is incorrect. In their motion for summary judgment, appellees relied on not only the testimony referred to by Saenz, but also on their pleading establishing they filed a counterclaim seeking to enforce the

---

[3] In trial court pleadings, Saenz raised eleven defenses and affirmative defenses. On appeal, however, he claims only that two defenses and five affirmative defenses preclude summary judgment. Accordingly, we will review the propriety of the trial court's order granting summary judgment only with regard to those defenses and affirmative defenses raised below and presented as grounds for reversal on appeal. *See San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 210 (Tex. 1990) (holding appellate court may not reverse summary judgment absent properly assigned error).

settlement agreement and the settlement agreement itself. The question is whether this evidence established their right to judgment as a matter of law.

Saenz next contends appellees did not establish their right to judgment as a matter of law because he raised fact issues regarding the settlement agreement's enforceability, including his withdrawal of consent to the agreement and an absence of consideration to support it – defenses as opposed to affirmative defenses.[4]

### *Withdrawal of Consent*

Appellees' summary judgment evidence establishes the existence of a settlement agreement signed by Saenz and all the other parties, before a notary public. Additionally, appellees included as summary judgment evidence testimony from a hearing at which Saenz admitted he signed the settlement agreement but, after he received money pursuant to the agreement, changed his mind and sought to withdraw his consent.

A written settlement agreement may be enforced even if one party withdraws its consent before judgment is rendered on the agreement. *Mantas v. Fifth Ct. of App.*, 925 S.W.2d 656, 658 (Tex. 1996) (orig. proceeding) (per curiam) (citing *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995)). Where consent is lacking, a trial court may not render an agreed judgment on the settlement agreement, but the party seeking enforcement may properly pursue a separate breach of contract claim. *Mantas*, 925 S.W.2d at 658. This mode of enforcement is based on rule 11 of the Texas Rules of Civil Procedure, the requisites of which are necessary for entry of any judgment

---

[4] An affirmative defense attempts to establish an independent reason to deny a plaintiff's recovery. *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 457 n.41 (Tex. App.–Houston [1st Dist.] 2007, no pet.). It is a defense of avoidance as opposed to a defense in denial. *Id*. In other words, when asserting an affirmative defense, a defendant admits the validity of the plaintiff's claim, but contends that despite its validity other reasons exist to deny the plaintiff recovery. *See id.*

enforcing a settlement agreement. *Padilla*, 907 S.W.2d at 460 (citing *Kennedy v. Hyde*, 682 S.W.2d 525, 528 (Tex. 1984)).

Here, the summary judgment evidence shows a settlement agreement, signed by all parties, and filed with the papers of the court as part of the record before enforcement was sought. *See* TEX. R. CIV. P. 11; *Padilla*, 907 S.W.2d at 460-61 (holding settlement agreement must comply with rule 11 to be enforceable and holding rule 11 filing requirement is met if settlement agreement is filed before it is sought to be enforced). The evidence further establishes appellees sought enforcement by filing a counterclaim to enforce the agreement by specific performance. *See Mantas*, 925 S.W.2d 658. The settlement agreement is complete in that it contains the essential terms – payment to Saenz and others of certain sums of money from the trust in exchange for execution of mutual releases and indemnification agreements. *See CherCo Props., Inc. v. Law, Snakard & Gambill, P.C.*, 985 S.W.2d 262, 266 (Tex. App.–Fort Worth 1999, no pet.) (holding that settlement agreement contained all material terms where it included terms of payment and statement that parties would execute mutual releases). Saenz's subsequent withdrawal of consent[5] to the agreement, though undisputed, does not raise a fact issue negating the enforceability of the agreement and precluding summary judgment.

### *Absence of Consideration*

Saenz also contends appellees did not establish their right to judgment as a matter of law because he raised a fact issue regarding the absence of consideration. Saenz argues there was no consideration to support the settlement agreement because he got nothing more than what Martinez

---

[5] Saenz's own summary judgment proof establishes his withdrawal of consent was subsequent to the execution of the settlement agreement. At the May 11, 2006 hearing, Saenz admitted that on April 11th, the day the agreement was executed, he wanted the settlement and that he changed his mind only after he received the money promised him under the agreement.

"was already obligated to given him, i.e., distribution of trust money for his necessary living expenses." We disagree.

Consideration is an essential element of any valid contract. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 235 (Tex. 2003); *MG Bldg. Materials, Ltd. v. Moses Lopez Custom Homes, Inc.*, 179 S.W.3d 51, 61-62 (Tex. App.–San Antonio 2005, pet. denied). Consideration is a "bargained-for" exchange of promises. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 496 (Tex. 1991). It can be either a benefit to the promisor or a detriment to the promisee. *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 841 (Tex. 2000). It can consist of a right, interest, profit, or benefit that accrues to one party, or some forbearance, loss, or responsibility undertaken or incurred by the other party. *Copeland v. Alsobrook*, 3 S.W.3d 598, 606 (Tex. App.–San Antonio 1999, pet. denied). Even an exchange of promises is sufficient consideration in Texas. *Id*.

In the settlement agreement, Martinez, as trustee, agreed to pay Saenz $34,000.00 from the Trust and disburse to him sixty percent of any income or revenue received by the Trust within ten days of receiving same, until a successor trustee was appointed or she resigned. These terms of distribution differ from the Trust provisions, which gave the trustee full discretion "to accumulate all or part of the net income, or, to distribute any part of the income or principal for the maintenance, comfort, health, education and welfare" of Saenz. The only limitation was that the trustee endeavor "insofar as possible" "to maintain that standard of living to which [Saenz] is accustomed." Saenz benefitted by converting what had been a discretionary distribution by the trustee into a mandatory distribution of income. This benefit was sufficient consideration to support the settlement agreement. *See Super-Cold Sw. Co. v. Green & Romans*, 185 S.W.2d 749, 753 (Tex. Civ. App.–Fort

Worth 1945, no writ) (holding that payment of deferred installments of purchase price before maturity was consideration). In return, Saenz agreed to execute a release and indemnification agreement disposing of his claims arising out of or connected to the Trust. The settlement agreement also included Martinez's agreement to resign as trustee. This benefitted Saenz because he no longer had to pursue removal proceedings. *See* TEX. PROP. CODE ANN. § 113.082 (Vernon 2007). Intervenors also released their claims against Saenz, constituting another benefit to him. Any one of these benefits or forbearances was sufficient consideration to support the agreement. *See Allen v. Am. Gen. Finance, Inc.*, 251 S.W.3d 676, 688 (Tex. App.–San Antonio 2007, pet. filed) (holding that one consideration will support multiple promises); *Birdwell v. Birdwell*, 819 S.W.2d 223, 228 (Tex. App.–Fort Worth 1991, writ denied) (same). Appellees met their burden of showing consideration for the agreement and Saenz did not produce any summary judgment proof creating a fact question on the issue.

### *Affirmative Defenses*

We next determine whether Saenz produced competent summary judgment evidence raising fact issues on the affirmative defenses of duress, anticipatory breach, fraud, and unconscionability. As the party relying on affirmative defenses, it was incumbent upon Saenz to produce summary judgment evidence sufficient to raise a fact issue on each element of at least one of his affirmative defenses. *See Brownlee*, 665 S.W.2d at 112; *Nichols*, 507 S.W.2d at 520.

### *Duress*

Saenz first contends he raised a fact issue to defeat summary judgment based on the affirmative defense of duress. *See* TEX. R. CIV. P. 94 (stating duress is affirmative defense); *see also Hardin v. Hardin*, 597 S.W.2d 347, 348 (Tex. 1980) (describing duress as affirmative defense).

"Duress is a threat to do some act which the threatening party has no legal right to do." *Brown v. Aztec Rig Equip., Inc.*, 921 S.W.2d 835, 845 (Tex. App.–Houston [14th Dist.] 1996, writ denied). There can be no claim of duress unless (1) a party makes a threat or takes an action without legal justification, (2) the threat or action was of such a character as to destroy the opposing party's free will, (3) the opposing party's free will is overcome and he is caused to do that which he would not otherwise do and was not legally bound to do, (4) the threat of action was imminent, and (5) the opposing party had no present means of protection from the threat or action. *McMahan v. Greenwood*, 108 S.W.3d 467, 482 (Tex. App.–Houston [14th Dist.] 2003, pet. denied). The opposing party's "compulsion" to assent "must be actual and imminent, and not merely feigned or imagined." *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006).

Saenz argues he was under economic duress because after he filed suit Martinez cut off his trust funds, which were his only source of income. In support of his defense, Saenz provided his own affidavit testimony, his testimony from the May 11, 2006 hearing, and his wife Letty's affidavit. The thrust of this evidence was:

> •after Saenz filed suit against appellees, Martinez did not disburse trust funds to him for several months and then later disbursed $500.00 a month instead of the $1,000.00 to $3,000.00 a month he received before he filed suit

> •without disbursement at their pre-suit level, Saenz lacked sufficient funds to support himself or his family, which forced him to sign the settlement agreement

> •Saenz was unable to work and support his family and had to "get loans and beg[] for help from friends and christian brothers and christian sisters"

But the affidavits also established Saenz had been able to prosecute his lawsuit despite the withholding of funds, had employed an attorney to help advise him, participated in a day-long mediation with assistance of counsel, and signed the settlement agreement only after consultation

with his attorney. There was also evidence that Saenz's attorney previously had been successful in persuading Martinez to resume payments, though at a reduced level. Access to professional assistance and a party's decision to negotiate are factors to be considered when measuring a claim of duress. *Sudan*, 199 S.W.3d at 292-293.

We do not find any evidence of an imminent threat that overcame Saenz's free will and from which he had no present means of protection. *See McMahan*, 108 S.W.3d at 482; *see also Sudan*, 199 S.W.3d at 292-293 (holding that ex-husband's threats to withhold contractual alimony did not constitute imminent duress and absence of means of protection because ex-wife had adequate time to consult with accountant and attorney and chose to negotiate amendment to contract rather than enforce existing agreement).

Saenz also claimed duress based on threats of criminal prosecution relating to his alleged misappropriation of funds from his daughters' trust in his capacity as trustee. Generally, threats of criminal prosecution may support a claim of duress for purposes of setting aside a contract. *See Kalyanaram v. Burck*, 225 S.W.3d 291, 302 (Tex. App.–El Paso 2006, no pet.). Such threats or actions must be imminent. *McMahan*, 108 S.W.3d at 482.

There is no evidence of an imminent threat at the time Saenz entered into the settlement agreement. Saenz's own summary judgment evidence establishes his daughters had taken their misappropriation complaints to the Webb County District Attorney before mediation began. There is no evidence that during the mediation Intervenors or appellees threatened continued pursuit of criminal charges if Saenz refused to settle. In fact, evidence from the May 11, 2006 hearing established it was Saenz who requested the settlement agreement include a provision that Intervenors would "insure that the criminal complaints be withdrawn." In the absence of evidence raising a fact

issue about an imminent threat or action, Saenz's claim of duress based on the alleged criminal complaint cannot be used to invalidate the settlement agreement. *See id.*

*Anticipatory Breach*

Under the doctrine of repudiation or anticipatory breach, a party's performance under a contract is excused if the opposing party has repudiated the contract. *Burford v. Pounders*, 145 Tex. 460, 199 S.W.2d 141, 144-45 (1947); *Chapman v. Olbrich*, 217 S.W.3d 482, 491 (Tex. App.–Houston [14th Dist.] 2006, no pet.). To prove the affirmative defense of anticipatory breach of contract, the nonrepudiating party must show (1) words or actions by the alleged repudiating party establishing an intent not to perform the contract according to its terms, (2) a lack of excuse for the non-performance, and (3) damage. *See Valdina Farms, Inc. v. Brown Beasley & Assocs., Inc.*, 733 S.W.2d 688, 692 (Tex. App.–San Antonio 1987, no writ).

Saenz contended Martinez breached the settlement agreement by failing to comply with the provision that required her, as trustee, "to disburse to Rolando Rafael Saenz as Beneficiary sixty percent (60%) of any income or revenue received by the Trust within ten (10) days of her receipt of said income or revenue." In support of his affirmative defense, Saenz again relies on his affidavit, the affidavit of his wife, and the record of the May 11, 2006 hearing. Saenz stated in his affidavit that Martinez "did not pay over to me the 60 percent of trust income within 10 days." In her affidavit, Saenz's wife's was more specific, claiming Martinez did not pay Saenz sixty percent of the Trust income based on rents from an apartment complex that the Trust had an interest in and failed to pay income for oil and gas royalties. However, none of this evidence shows the Trust actually received any income requiring disbursement from the time the settlement agreement was signed to Saenz's own attempted withdrawal of consent. Moreover, Saenz admitted under oath

during the May 11, 2006 hearing that appellees complied with the terms of the settlement agreement. When asked if either appellee "did something to invalidate this agreement," Saenz replied that he simply changed his mind. Even if it could be argued that Saenz's evidence raises a fact issue as to whether Martinez intended to comply with the settlement agreement, Saenz failed to produce summary judgment evidence establishing the other two required elements of anticipatory breach. Because Saenz failed to produce evidence to raise a fact issue on each element of his affirmative defense, he did not sustain his burden.

*Fraud*

Saenz claims the settlement agreement should not be enforced because he produced evidence raising a fact issue on the affirmative defense of actual and constructive fraud. His fraud defense is based on his contention that he was fraudulently induced to enter the settlement agreement by Martinez's misrepresentations regarding, and nondisclosure of, the value of the Trust and its assets.

Actual fraud exists when one makes a false, material representation, knowing it is false or without knowledge of the truth, to another with the intent that it be relied upon and it is relied upon, resulting in damage. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). Constructive fraud or "[f]raud by nondisclosure is simply a subcategory of fraud." *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997). The elements of fraud by nondisclosure therefore require (1) a deliberate failure to disclose material facts, (2) by one who had a duty to disclose such facts, (3) to another who was ignorant of the facts and did not have an equal opportunity to discover them, (4) with the intent the listener act or refrain from acting, and (5) the listener relies on the nondisclosure resulting in injury. *7979 Airport Garage, L.L.C. v. Dollar Rent A Car Sys., Inc.*, 245 S.W.3d 488, 507 n.27 (Tex. App.–Houston [14th Dist.] 2007, pets. denied).

The only "failure to disclose" raised by the summary judgment is Martinez's alleged failure to provide Saenz with an accounting. While Martinez, as trustee, was certainly under a duty to provide Saenz with an accounting in accordance with the Texas Property Code, Saenz did not adduce summary judgment evidence he relied on this failure in deciding whether to enter into the settlement agreement. *See* TEX. PROP. CODE ANN. § 113.151 (Vernon 2007). There is no evidence of the element of reliance to support Saenz's affirmative defense of constructive fraud.

In support of his claim of actual fraud, Saenz again points to his affidavit and that of his wife. A close inspection of these documents reveals two alleged misrepresentations of material fact concerning the alleged value of certain Trust property sold by Martinez in her capacity as trustee: (1) Martinez told Saenz the sale of a ranch was at "the going rate for that land" and at "the fair market price or value," and (2) Martinez told Saenz she got a fair price for an apartment complex that was sold. Saenz's summary judgment proof raised an issue of fact on reliance only with regard to the statement about the value of the ranch: "If I would have known the true fair value of my ranch acres . . . I would never have signed the Settlement Agreement and Release of Claims." Saenz provided no summary judgment proof of reliance regarding the alleged misrepresentation of the value of the apartment complex. We therefore need only consider whether Saenz raised fact issues on the other elements of fraud with regard to the representation about the ranch.

To show Martinez's statement about the value of the ranch was false, Saenz stated in his affidavit that the Trust was only paid $395.00 per acre for the ranch when "the amount [sic] fair price should have been at least $2,500.00 per acre." Texas courts have held that an owner of real property is qualified to testify about the value of real property. *See Porras v. Craig*, 675 S.W.2d 503, 504 (Tex. 1984); *Stein v. Killough*, 53 S.W.3d 36, 44 (Tex. App.–San Antonio 2001, no pet.). "Even an

owner's testimony, however, is subject to some restrictions." *Id*. For a property owner to qualify as a witness, his testimony "must show that it refers to market, rather than intrinsic or some other value of the property." *Porras*, 675 S.W.2d at 504-05; *Stein*, 53 S.W.3d at 44. This requirement is usually met if the owner testifies he is familiar with the market value of his property. "Market value" is the price property would bring if offered for sale by one who desires, but is not obligated to sell, and is bought by one who is under no obligation to buy. *Exxon Corp. v. Middleton*, 613 S.W.2d 240, 246 (Tex. 1981).

Saenz did not provide any summary judgment proof of the market value of the ranch. He never testified he was familiar with the market value of the ranch. *See id.* We therefore hold he has not produced any evidence to raise a fact issue as the falsity of Martinez's representation about the value of the ranch.

Having failed to raise a fact issue on each element of his affirmative defenses of actual and constructive fraud, Saenz failed to sustain his summary judgment burden.

*Unconscionability*

Saenz claims the trial court erred in granting summary judgment because he raised a fact issue on the unconscionability of the agreement and its violation of public policy. Saenz bases his affirmative defense of unconscionability on the "great disparity of bargaining power" between himself and Martinez. This defense is based solely on Saenz's claim that he had no choice but to enter into the settlement agreement because of Martinez's control over disbursements from the Trust. Saenz's unconscionability arguments represent little more than a recasting of his duress defense, for which he failed to present any evidence raising an issue of fact. However, out of an abundance of

caution and in the interest of justice, we shall review this issue under the law applicable to unconscionability.

"As a general rule, the term 'unconscionability' describes a contract that is unfair because of its overall one-sidedness or the gross one-sidedness of one of its terms." *Olshan Found. Repair Co. v. Ayala*, 180 S.W.3d 212, 214-215 (Tex. App.–San Antonio 2005, pet. denied). An unconscionable contract is unenforceable. *Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121, 135-36 (Tex. App.–Waco 2005, pet. denied). Unconscionability has two aspects: (1) procedural unconscionability, which concerns the circumstances surrounding the bargaining process, and (2) substantive unconscionability, which concerns the fairness of the resulting agreement. *See Ayala*, 180 S.W.3d at 215 n.1. Saenz had the burden to raise fact issues on both procedural and substantive unconscionability. *See McCalla*, 167 S.W.3d at 136. "Unconscionability" has no precise definition because it is a determination to be made in light of the entire atmosphere in which the agreement was made, the alternatives, if any, available to the parties at the time the contract was made, the nonbargaining ability of one party, whether the contract was illegal or against public policy, and whether the contract is oppressive or unreasonable. *McCalla*, 167 S.W.3d at 136; *In re Big 8 Food Stores, Ltd.*, 166 S.W.3d 869, 877 (Tex. App.–El Paso 2005, orig. proceeding). These factors are assessed as of the time the contract was entered. *McCalla*, 167 S.W.3d at 136.

We have searched Saenz's summary judgment evidence to determine if he raised a fact issue on any factor relating to unconscionability but have found none. Given that Saenz's own evidence proves he was represented by counsel, we cannot say he has raised a fact issue on disparate bargaining positions. *See Head v. U.S. Inspect DFW, Inc.*, 159 S.W.3d 731, 748 (Tex. App.–Fort Worth 2005, no pet.) (holding no disparity in bargaining power where, among other things, party was

represented by counsel). A disparity in bargaining power may also exist when one party has no "real choice" but to accept the agreement offered. *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 232-33 (Tex. 2008) (citing *Allright, Inc. v. Elledge*, 515 S.W.2d 266, 267 (Tex. 1974)). But as we held in our discussion concerning duress, Saenz failed to raise a fact issue regarding his inability to bargain. Nor did Saenz present evidence to show the contract was against public policy. A contract violates public policy if it is illegal or contrary to the best interest of the public. *Johnson v. Structured Asset Servs., LLC*, 148 S.W.3d 711, 728 (Tex. App.–Dallas 2004, no pet.). Saenz's arguments relate only to disparity in bargaining. There are no arguments, much less evidence, that the settlement agreement was illegal or somehow contrary to the public interest.

Finally, Saenz presented no evidence that would suggest the settlement agreement was oppressive or unreasonable. While he certainly contends he might have been able to procure a more favorable settlement if he had continued to receive his trust payments or had been privy to a full accounting, the fact that a bargain may be less favorable than it might have been is no evidence of unconscionability. *See Big 8 Food Stores*, 166 S.W.3d at 878 (holding that fact that bargain is "hard one" does not entitle party to be relieved therefrom if it was assumed fairly and voluntarily).

We hold Saenz failed to raise an issue of fact as to either procedural or substantive unconscionability. The trial court therefore did not err in granting summary judgment in the face of Saenz's claim of unconscionability.

### Denial of Motion for Continuance to Obtain Additional Discovery

In his seventh issue, Saenz contends the trial court erred in failing to grant his motion to continue the summary judgment hearing and compel appellees to answer certain discovery before the hearing. Within this issue Saenz refers this court to the section of his brief regarding his

affirmative defense of fraud. From this we glean that Saenz claims that if he had been given a continuance and discovery had been compelled, he would have been able to obtain and produce additional evidence to support his fraud contention.

The trial court may order a continuance of a summary judgment hearing to allow a party additional time to conduct discovery. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). We review a trial court's order denying a motion for continuance for abuse of discretion. *Id*. An abuse of discretion occurs only when the trial court reaches a decision "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id*. In our review, we may consider, among other things: the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance exercised due diligence to obtain the discovery sought. *Id*.

In his motion for continuance, Saenz complained that Martinez had not provided sufficient responses to his discovery requests and attached his requests for production, interrogatories, and Martinez's responses thereto. He simultaneously filed a motion to compel responses. When Saenz filed these motions, his suit, which included allegations of fraud, had been on file for more than two years. While Saenz explained he expected any compelled discovery responses to reveal evidence of fraud, he made no showing that he exercised due diligence to obtain this information. There were no discovery requests until almost eight months after Saenz first indicated his intent to withdraw from the settlement agreement. The record reflects no attempt to compel Martinez to respond until after appellees had moved for summary judgment and Saenz had filed his amended summary judgment response. Under these circumstances we cannot say the trial court's denial was an abuse of discretion.

**<u>Cumulative Error</u>**

Saenz complains in the last paragraph of the substantive portion of his brief that the alleged trial court errors constitute cumulative error requiring reversal. This complaint is not listed in his statement of issues. Saenz provides no argument nor any authority in support of this position. *See* Tex. R. App. P. 38.1(h) (requiring clear and concise argument for contention made with citations to authorities and to the record). Despite the briefing deficiency, we review this complaint.

Some courts have recognized a "cumulative-error doctrine" in situations where the record shows multiple errors that considered in isolation would not entitles a party to reversal, but in combination might give rise to reversible error. *Nat'l Freight, Inc. v. Snyder*, 191 S.W.3d 416, 424 (Tex. App.–Eastland 2006, no pet.). This court has recognized the doctrine, but we hold it does not apply in this case because we have found no error by the trial court with respect to the previous issues asserted by Saenz. *See Cortez ex rel. Estate of Puentes v. HCCI-San Antonio, Inc.*, 131 S.W.3d 113, 124 (Tex. App.–San Antonio 2004), *aff'd*, 159 S.W.3d 87 (Tex. 2005). Accordingly, this contention is overruled.

## Conclusion

We hold appellees established the existence of a valid settlement agreement as a matter of law and Saenz has failed to raise an issue of fact precluding summary judgment. We further hold the trial court did not abuse its discretion in denying Saenz's motion for continuance and to compel discovery. Accordingly, we affirm the trial court's summary judgment in favor of appellees.

Steven C. Hilbig, Justice