

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00266-CV

---------

DAVID LEE CARPENTER, JR.                                      APPELLANT

V.

SHARON K. CARPENTER, AKA                                      APPELLEE
SHARON KIMBERLY WEISE

----------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant David Lee Carpenter, Jr. (David) filed suit against his stepmother Appellee Sharon K. Carpenter, also known as Sharon Kimberly Weise, (Sharon) on August 19, 2010, asserting claims of destruction of personal property and conversion of personal property.  Through amended petitions, David added claims for fraud and for "concealment."

---

[1]*See* Tex. R. App. P. 47.4.

In his second amended petition, David alleged that until the October 30, 2007 death of his father, he lived with his father and Sharon at their home in Arlington, Texas. David alleged that when he moved out, he left behind personal property at the residence, "including but not limited to his clothing, a diamond engagement ring, financial records, pictures, computer equipment, radio equipment, speakers[,] and vehicle parts." Some of the property, such as the ring, had been left in a locked filing cabinet in his locked bedroom. David alleged that he did not return to the residence to retrieve his property because, "based on an irate phone call [with Sharon] on or about December 7, 2007," David believed that Sharon would try to have him arrested if he tried to enter the residence.

David further alleged that Sharon authorized David to retrieve his property on September 13, 2008, and that on that date, he went to the residence with his attorney. Once there, he was not allowed into the house or garage; Sharon had left David's property outside. David alleged that the diamond engagement ring was not included with the property that had been left outside. David also claimed that some of his property had been destroyed from Sharon's "leaving his emptied file cabinet, clothing, and all other personal property outside for over [eight] months" and that Sharon "scratched or destroyed all other personal property." Regarding his conversion claim, David alleged that Sharon converted the engagement ring and "other personal property," including parts for his motorcycle, pictures, tools, personal gift cards, and financial records.

Under his fraud claim, David asserted that Sharon knew that she had the engagement ring and other personal property of his but that she denied having it. David asserted that Sharon "defrauded [him] by asserting the ring and other personal property . . . was or could have been taken by unknown third parties when in fact [she] had the ring and other personal property in her possession, custody[,] and control at all times."

As to his "concealment" claim, David asserted that Sharon concealed his property, that she made material misrepresentations as to the location and condition of his property, and that he relied on her representations that he would be able to pick up all of his property on September 13, 2008. He also asserted that Sharon's husband told him that the ring had been placed in a safe deposit box at some point to keep David from being able to recover it.

Sharon filed an answer that included a general denial and asserted the affirmative defense of limitations. Sharon also filed a motion for summary judgment asserting that David's claims were barred by civil practice and remedies code section 16.003, which provides a two year statute of limitations for "trespass for injury . . . to the property of another, conversion of personal property, [and] taking or detaining the personal property of another." Sharon alleged that on February 7, 2008, David's attorney sent a letter to Sharon, making a formal demand for the return of David's property. She attached a copy of the demand letter to her motion.

David filed a response in which he asserted that the discovery rule applied because his causes of action were not discoverable until September 13, 2008. He

3

stated that until that date, he believed his personal property was safely stored in his locked bedroom and that Sharon had prevented him from retrieving his property before that time.

Sharon filed a supplemental motion for summary judgment asserting that David's fraud claim was nothing more than a relabeled claim for conversion and destruction; that "concealment" is a defensive doctrine rather than a cause of action; and that the discovery rule did not apply. The trial court granted summary judgment for Sharon, and David filed this appeal.

In David's first issue, he argues generally that the trial court erred by granting Sharon's motion for summary judgment. In David's second issue, he argues that the trial court erred by granting Sharon's motion for summary judgment based on the statute of limitations. In David's third issue, he asserts that the trial court erred by granting summary judgment because the discovery rule applied to his claim. David argues these three issues together, and, accordingly, we consider them together.

The gist of David's argument is (1) that until September 13, 2008, David believed and had good reason to believe that his property was safe from destruction or conversion because the property was locked in his bedroom at the residence in a locked filing cabinet and (2) that September 13, 2008, was the first date he knew or could have known of the destruction or conversion of his property because he had not been allowed onto the premises to retrieve his property until that date.

4

Accordingly, David argues, the discovery rule applies, and the statute of limitations does not bar his claims.

With respect to the property that David alleged was never returned to him, he asserted a claim for conversion. We address this claim first. Statutes of limitations begin to run (and the cause of action accrues) "when facts come into existence that authorize a claimant to seek a judicial remedy,"[2] or, put another way, "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred."[3] Accordingly, David's cause of action accrued (and limitations began to run) at the time of Sharon's conversion.[4]

To establish conversion . . ., a plaintiff must prove that

(1) [the plaintiff] owned or had legal possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property.[5]

---

[2]*Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011).

[3]*S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996); *see also Barker v. Eckman*, 213 S.W.3d 306, 311 (Tex. 2006) (stating that a cause of action accrues "when a party has been injured by actions or omissions of another" and that "[l]imitations begins to run upon accrual of the cause of action"); *Poag v. Flories*, 317 S.W.3d 820, 826 (Tex. App.—Fort Worth 2010, pet. denied) (stating that limitations begin to run "when a wrongful act causes a legal injury").

[4]*See Barker*, 213 S.W.3d at 311.

[5]*Augillard v. Madura*, 257 S.W.3d 494, 500 (Tex. App.—Austin 2008, no pet.).

Demand and refusal are not required when the possession was acquired wrongfully, after the conversion has become complete, or when it is shown that a demand would have been useless.[6] Thus, generally, a conversion claim accrues (and thus limitations begins to run) at the time of the unlawful taking, or, if the taking is not originally unlawful, when "the return of the property has been demanded and refused, or [when] the person in possession has unequivocally exercised acts of domination over the property inconsistent with the claims of the owner or the person entitled to possession."[7] In this case, then, the statute of limitations began to run on David's conversion claim when Sharon unlawfully assumed control over David's property to the exclusion of David's rights as owner, unless Sharon's assumption of control was not unlawful, in which case limitations began running when David demanded return of the property and Sharon refused to return the property or when Sharon otherwise unequivocally exercised control over the property inconsistent with David's claims.

Sharon pointed out in her summary judgment motion that on February 7, 2008, David's attorney sent Sharon a letter stating that David "has been denied access to get his personal belongings and mail from the residence" and that David "demands immediately his personal belongings." This letter established that as of

---

[6]*McVea v. Verkins*, 587 S.W.2d 526, 531 (Tex. Civ. App.—Corpus Christi 1979, no pet.).

[7]*Rogers v. Ricane Enters., Inc.*, 930 S.W.2d 157, 166 (Tex. App.—Amarillo 1996, writ denied).

February 7, 2008, Sharon was asserting control over David's property and that she had denied David access to retrieve it. The wording of the letter necessarily implies that David had already at least requested that his property be returned to him and been refused; if he had not previously formally demanded the return of his property, he demanded it as of that date.

David's summary judgment response also included his attorney's affidavit in which he stated that he sent a demand to Sharon on February 7, 2008, and never received a response. David also included his own affidavit in which he stated that he spoke to Sharon on December 8, 2007, and as of a few days after that, she "refused to allow me to pick up any of my personal property from that point on." In his supplemental response, David attached the affidavit of his stepuncle in which his stepuncle stated that on December 10, 2007, David asked him to ask Sharon if David could pick up his belongings, that Sharon replied that David could not come to the house for any reason, and that he told this to David. Thus, David's own evidence shows that even before February 2008, Sharon had both unequivocally exercised control over David's property inconsistent with his claims to it and refused David's demand for its return. From the evidence produced with the summary judgment motion and responses, the trial court did not err by concluding that David's conversion claim began to run as early as December 2007 and at the latest in February 2008.

David argues, however, that the trial court should have applied the discovery rule. Regarding the discovery rule, this court has noted that

7

> [t]he discovery rule defers the accrual of a cause of action until the plaintiff knows, or by exercising reasonable diligence, should know of the facts giving rise to the claim. For the discovery rule to apply, the injury must be inherently undiscoverable and objectively verifiable. An injury is inherently undiscoverable if it is the type of injury that is not generally discoverable by the exercise of reasonable diligence.[8]

David makes no argument on appeal about *why* Sharon's conversion was inherently undiscoverable. In fact, it was discoverable; David was aware at least as early as February 7, 2008, that Sharon had assumed control of his property and was refusing to return it. He demanded the immediate return of his property, but Sharon did not comply. That David may not have known that the property would *never* be returned to him is irrelevant; the conversion occurred when Sharon unequivocally exercised control over David's property inconsistent with his claims to it or refused David's demand for its return, which, as we have held, occurred no later than in February 2008. Accordingly, David failed to establish that the discovery rule deferred the start of the limitations period on his conversion claim. We overrule David's first, second, and third issues as to his conversion claim.

For David's property that was returned to him but in a damaged or destroyed state, David asserted a claim for destruction of property rather than conversion, and we now address that claim. Destruction of personal property may constitute a conversion of the property,[9] and thus David could have asserted a claim for

---

[8]*Poag*, 317 S.W.3d at 826 (citations omitted).

[9]*Stidham v. Lewis*, 23 S.W.2d 851, 852 (Tex. Civ. App.—Fort Worth 1929, no writ); *see also Am. Sur. Co. of N.Y. v. Hill Cnty.*, 254 S.W. 241, 246 (Tex. Civ. App.—Dallas 1923) (noting that a wrongful taking of the property from the

8

conversion of this property. But destruction of property may also constitute a trespass.[10] David does not label his claim as either conversion or trespass to chattel, calling it simply "destruction of property." To the extent that David's claim regarding his returned-but-destroyed property was intended to be a conversion claim, we have already held that the trial court did not err by granting summary judgment on that claim.

But David could also have intended to assert a claim for trespass to personal property.[11] Like conversion, the tort of trespass protects against interference with one's possessory interest in personal property.[12] If Sharon intentionally interfered with David's right to possession of his personal property, she committed trespass.

---

possession of the owner, so as to constitute a conversion, can be committed by a destruction of the property), *aff'd*, 267 S.W. 265 (Tex. Comm'n App. 1924, judgm't adopted).

[10]*See Mountain States Tel. & Tel. Co. v. Vowell Const. Co.*, 161 Tex. 432, 436, 341 S.W.2d 148, 150 (1960) (noting that "[d]estruction of, or injury to, personal property, regardless of negligence, may be a trespass"); *see also* Restatement (Second) of Torts §§ 216–22 (discussing the tort of trespass to chattel and providing in § 218 that a person who commits trespass to a chattel is subject to liability if "the chattel is impaired as to its condition, quality, or value").

[11]*See Zapata v. Ford Motor Credit Co.*, 615 S.W.2d 198, 201 (Tex. 1981) (stating that "[i]f the wrongful detention [of personal property] seriously interferes with the owner's right to control the personalty, there is not only a trespass but a conversion"); *Armstrong v. Benavides*, 180 S.W.3d 359, 363 (Tex. App.—Dallas 2005, no pet.) ("A trespass to chattels is a wrongful interference with or injury to property that causes actual damage to the property or deprives the owner of its use for a substantial period of time.").

[12]*Id.* ("Trespass and conversion are torts designed to protect against interferences with one's possessory interest in personalty."); *Zapata*, 615 S.W.2d at 201.

9

In a trespass to personal property claim, however, the claimant is not necessarily entitled to damages—only when the wrongful detention deprives the owner of its use for a substantial period of time or is accompanied by actual damage to the property will the owner be entitled to damages for the trespass.[13] Here, David asserted that his property was destroyed, and accordingly, Sharon would have been liable for damages if David proved his trespass claim at trial. Based on our reading of David's pleadings, he sufficiently pled not only a claim for damages based on conversion, but also a claim for damages based on trespass. We must therefore consider whether the trial court erred by granting summary judgment based on limitations on David's trespass claim.

The trespass occurred at the time of Sharon's wrongful detention of David's property.[14] The cause of action accrued at that time, and therefore the limitations period began to run at that time. Because, as Sharon asserted in her summary judgment motion, the statute of limitations for trespass to property claims is two years, limitations had run on David's trespass claim by the time he filed suit, unless it was tolled by the discovery rule. But even if David did not yet know that his property had been damaged while in Sharon's possession, he knew of her wrongful detention of his property no later than February 2008. Accordingly, the discovery rule does not apply, and the trial court did not err by granting summary judgment on

---

[13]*Id.*

[14]*See id.*; *Armstrong*, 180 S.W.3d at 363.

the basis that David's trespass claim is time-barred.[15] We overrule the remainder of David's first, second, and third issues.

In David's fourth and final issue, he argues that the trial court erred by granting summary judgment on his fraud and fraudulent concealment claims because fraud has a four year statute of limitations. David's main argument under this issue is essentially a response to Sharon's argument in the trial court that his fraud and fraudulent concealment claims are nothing more than relabeled claims for conversion and destruction. David argues that "fraud, fraudulent concealment[,] and conversion all have separate and distinct essential elements to their causes of action." David then sets out the elements of fraud, fraudulent concealment, and conversion and points out that they have different elements. He also points out that fraud has a four-year statute of limitations and that courts have applied the discovery rule to fraud claims.

We agree with David that fraud, conversion, and trespass have different elements. But David fails to address Sharon's argument in her supplemental summary judgment motion that in this case, looking to the substance of David's claims, he did not plead a fraud claim and only repled his conversion and destruction of property claims, calling it fraud in order to avoid the statute of

---

[15]*See Palmer v. Sears, Roebuck & Co.*, 969 S.W.2d 582, 584–86 (Tex. App.—Fort Worth 1998, no pet.) (holding that Appellant's cause of action for his physical injuries accrued from the point at which Sears negligently repaired his air conditioner, not from the much later point at which he realized that his physical illness could have been caused by the negligent repairs).

limitations. Regarding fraud, David makes no argument for why the trial court erred by granting summary judgment on his fraud claim other than noting that the torts of fraud and conversion have different elements. And we note that in his pleading of his fraud claim, David alleged that Sharon had possession of his engagement ring and other personal property but denied having possession and refused to make the property available to him, with the intent to deprive David of his property. We agree with Sharon that, looking to the substance of his claim, David essentially repled his conversion claim as a fraud claim.[16] We therefore overrule the part of David's fourth issue regarding his fraud claim.

Regarding David's fraudulent concealment claim, we agree with Sharon that fraudulent concealment is an affirmative defense to statutes of limitations and that it is not an independent cause of action.[17] Thus, to the extent that David attempted to assert a cause of action for fraudulent concealment, the trial court did not err by granting summary judgment on the claim.

As we have stated, limitations generally begins to run when the cause of action accrues, and the cause of action accrues "when a wrongful act causes some legal injury."[18] But accrual of the cause of action is deferred in two types of cases.

---

[16] *See Hodge v. Northern Trust Bank of Tex. N.A.*, 54 S.W.3d 518, 522–23 (Tex. App.—Eastland 2001, pet. denied) (holding that plaintiff could not recast his conversion claim as a contract claim to avoid limitations).

[17] *See Carone v. Retamco Operating, Inc.*, 138 S.W.3d 1, 10 (Tex. App.—San Antonio 2004, pet. denied) (op. on reh'g).

[18] *See S. V.*, 933 S.W.2d at 4.

In one type of case, "'the nature of the injury incurred is inherently undiscoverable and the evidence of injury is objectively verifiable.'"[19] In these types of cases, as we have noted, the discovery rule applies. The other type of case in which the accrual of the claim is deferred is when the case involves fraud or fraudulent concealment. The cause of action is deferred in those cases (and thus limitations does not begin to run at the time of the legal injury) "because a person cannot be permitted to avoid liability for his actions by deceitfully concealing wrongdoing until limitations has run."[20] But "[f]raudulent concealment will not . . . bar limitations when the plaintiff discovers the wrong or could have discovered it through the exercise of reasonable diligence."[21]

To the extent that David's argument is that the trial court erred by granting summary judgment because he raised a fact issue on this affirmative defense,[22] David makes no argument about what evidence he produced below to raise a fact

---

[19]*Id*. at 6 (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453 (Tex.1996)).

[20]*Id*.

[21]*Kerlin v. Sauceda*, 263 S.W.3d 920, 925 (Tex. 2008).

[22]*See Nichols v. Smith*, 507 S.W.2d 518, 521 (Tex. 1974) (noting that once the summary judgment movant established the defense of limitations as a matter of law, the non-movant had the burden to come forward with evidence raising a fact issue regarding fraudulent concealment); *see also Bassett v. Am. Nat'l Bank*, 145 S.W.3d 692, 696 (Tex. App.—Fort Worth 2004, no pet.) (stating that "[a] defendant relying on an affirmative defense in opposing a summary judgment must come forward with summary judgment evidence sufficient to raise an issue of material fact on each element of the defense").

issue. Furthermore, the summary judgment evidence showed that Sharon did not conceal her trespass or conversion and that David could have discovered it (and did discover it) through the exercise of reasonable diligence.[23] Although the extent of David's loss may not have been known to him at the time his claim accrued—that is, he may not have known that Sharon had damaged some of his property and that she would never return other property—the fact that she had committed trespass and conversion was not concealed from him. Accordingly, David failed to raise a fact issue on this affirmative defense, which he was required to do in order to defeat summary judgment.[24]

Moreover, this court has held that fraudulent concealment is limited to situations in which the defendant had a duty of disclosure,[25] and David makes no argument that Sharon had any duty of disclosure to him, nor does he make any explanation of what the basis of that duty might be. We have reviewed David's petition and his summary judgment response, and we have found no assertion that Sharon owed him any duty of disclosure. We therefore cannot say that the trial

---

[23] *See Kerlin*, 263 S.W.3d at 925.

[24] *See Nichols*, 507 S.W.2d at 521.

[25] *See Savage v. Psychiatric Inst. of Bedford, Inc.*, 965 S.W.2d 745, 753 (Tex. App.—Fort Worth 1998, pet. denied) (noting the limitation and stating that "[b]ecause of this requirement, the cases where fraudulent concealment applies are rare, such as those involving doctor-patient or fiduciary relationships").

court erred by not denying the summary judgment based on fraudulent disclosure.[26]

Accordingly, we overrule David's fourth issue.

Having overruled all of David's issues, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

MCCOY, J., filed a dissenting opinion.

WALKER, J., concurs without an opinion.

DELIVERED: July 5, 2012

---

[26]*See Nichols*, 507 S.W.2d at 521.



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00266-CV

---

DAVID LEE CARPENTER, JR.                                        APPELLANT

V.

SHARON K. CARPENTER, AKA                                        APPELLEE
SHARON KIMBERLY WEISE

----------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

----------

## DISSENTING MEMORANDUM OPINION[1]

----------

I respectfully dissent. "At common law, the term 'fraud' means an act, omission, or concealment in breach of a legal duty, trust, or confidence justly imposed, when the breach causes injury to another or the taking of an undue and unconscientious advantage. Common-law fraud includes both actual and constructive fraud." *Cotten v. Weatherford Bancshares, Inc.*, 187 S.W.3d 687, 702

---

[1]*See* Tex. R. App. P. 47.4.

(Tex. App.—Fort Worth 2006, pet. denied). "The elements of actual fraud are: (1) a false, material representation was made, (2) that was either known to be false when made or was made without knowledge of its truth, (3) that was intended to be acted upon, (4) that was relied upon, and (5) that caused injury." *Id*. at 703.

I would hold that the events as recounted in the majority's opinion have raised a fact question as to the issue of fraud.

Fraudulent concealment tolls limitations because a person cannot be permitted to avoid liability for her actions by deceitfully concealing wrongdoing until limitations has run. *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 927 (Tex. 2011). To prove fraudulent concealment, a party must show that the concealing party had knowledge of the wrongdoing, had a fixed purpose to conceal the wrong, and did in fact conceal the wrong from the complaining party. *Dernick Res. Inc. v. Wilstein*, 312 S.W.3d 864, 878 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

I would likewise hold that a fact question exists as to the applicability of fraudulent concealment to one or more of David's causes of action.

Therefore, I would remand this case to the trial court for further proceedings.

BOB MCCOY
JUSTICE

DELIVERED: July 5, 2012

2